BOUTALL, Judge.
This is a suit by a contractor for the amount due under an oral plumbing contract. Judgment was rendered in favor of the contractor subject to some credits, and the owner has appealed.
During September, 1976, Lawrence L. La-garde, Sr., entered into a cost plus oral contract with Edward N. Fraiche, Inc., for certain heating and plumbing services to be performed on the premises known as Plantation Golf and Country Club in Jefferson Parish. Payment for the services performed were to be made by Lagarde on a monthly basis. Disputes arose between the parties resulting in Lagarde’s refusal to pay the balance claimed to be due. Fraiche, Inc., sued for the balance due and Lagarde answered and filed a reconventional demand claiming damages. The trial judge *670 rendered judgment in favor of Fraiche, Inc., for $9,748.33, subject to a credit in favor of Lagarde in the amount of $1,283.64. Lagarde has appealed.
As noted, this suit involves an oral contract and the first dispute between the parties is the terms thereof. Each party testified and produced witnesses to support his contention. The trial judge found that there was an oral contract between the parties originally for cost and material plus twenty per cent and later reduced to fifteen per cent, and that the plumbers were to be paid $18.00 an hour and helpers were to be paid $7.00 per hour. In the event there was both a helper and plumber on the job, the pay was $25.00 an hour. The issue is a simple one of credibility of the witnesses and the trial judge has obviously resolved that question in favor of the contractor. Additionally, it should be noted that the billing for the periodic payments supported the position of the contractor. We find no error in the judge’s findings and accordingly agree.
It is apparent from the record that although this contract was to be based upon the labor and materials furnished, that the records were rather loosely kept and there is considerable confusion in arriving at a precise figure. Basically, the trial judge granted Fraiche, Inc., a judgment for the amount that it finally concluded was due, but found that there were some errors for which credit should be granted, explaining each credit, and granting a total of $1,283.64 in credits. Lagarde contends that there are other items which are apparent on the face of the invoices and other documentary proof showing other credits to which he is entitled. Of these, we consider it necessary only to discuss two.
The first of these purported errors is that one of the invoices from a supplier, Pelican Plumbing Supply, Inc., No. G 41154, shows that Fraiche, Inc., was charged $779.62 ($750.00 plus sales tax) for copper nails, which amount Fraiche, Inc., then charged to Lagarde. It was later discovered that the unit price for the copper nails was billed $3.75 each rather than the correct price of 3.75 cents each. Pelican later issued a credit to Fraiche, Inc., for the difference amounting to $779.62. It is La-garde’s contention that this credit was never granted by Fraiche, Inc., to Lagarde, thus Lagarde was overbilled and paid that amount.
We conclude that the trial judge erred in not granting this credit. The documents in evidence show that the charge was made for nails in the statement rendered by Fraiche, Inc., to Lagarde dated March 23, 1977, which included the period, according to Fraiche, Inc., from February 3 through March 21. The later billing by Fraiche, Inc., its statement of June 7,1977, including the period March 22 through May 27, shows that no credit was granted. The only explanation offered by Fraiche, Inc., is that it did not bill the amount of that invoice in its June bill and thus, in effect, gave the credit by not billing that amount. Its records show otherwise and that the billing was made in the March 24 statement. Accordingly, Lagarde is entitled to a credit in this amount.
The other error which we comment upon is a charge of $300.00 for gravel, which Lagarde contends should only be $119.00, an overcharge of $171.00. The basis for this contention is a back-up note of Fraiche, Inc., reflecting that on October 29, 1976, Fraiche, Inc., paid Louisiana Industries only $119.00 for gravel. The record contains some evidence that there were two delivery dates of gravel, and although Fraiche, Inc., has no invoice from Louisiana Industries to show the amount of gravel delivered and the price therefor, there is testimony in the record that the gravel was delivered and used on the premises, and that the total price was $300.00. The trial judge apparently believed the testimony to that effect, and we cannot say that he is in error. There is no proof as to the total amount of gravel that was used, nor is there anything showing that the notation of $119.00 payment was for the total amount of gravel delivered. We cannot say that the trial judge was in error.
*671 In addition to these two items, the appellant has contended that there are numerous defects in the work that was done, that some items were removed from the job site without credit to him, that there were delays by the plumbing contractor which caused him damages, that there were inefficiencies in the work done and a number of the items were installed in the wrong location necessitating a change, that there were labor over-charges and finally that there was structural damage to his building by the plumber’s operations. We have considered all of these complaints and have examined this rather voluminous record in detail to ascertain the correctness of the trial judge’s ruling that Lagarde was not entitled to credit for any of these items, nor was he entitled to damages in his reconven-tional demand.
Our examination of the record convinces us the trial judge was correct in his rulings. It is apparent that most of the difficulties that arose on this job were due to the fact that there were no detailed plans which would regulate the precise nature of the plumbing work. In the main, these issues resolve themselves into a credibility determination between the testimony of Mr. Lagarde, Mr. Carroccio (the general contractor) and Mr. Arnold (Mr. Lagarde’s son-in-law) on the one hand and the Fraiche Brothers and their employee on the other hand. The trial judge resolved this issue of credibility by adopting the testimony offered on behalf of Fraiche, Inc., and we cannot say that he is in error. It is axiomatic that in questions of credibility the findings of the trial judge are to be adopted unless we can show manifest error is present. In support of this finding, we point out that a considerable portion of the evidence sought to be introduced by La-garde was hearsay in nature, based upon the statements of other persons. Similarly, we note the lack of expert testimony to support the defendant’s contentions, especially those as to the amount of labor necessary to do particular jobs. After considering the various documents introduced into evidence, as well as the testimony of the witnesses on behalf of Fraiche, Inc., the trial court concluded that a prima facie case of recovery had been established. The trial judge found that Lagarde’s attempt to disprove the facts demonstrated by plaintiff were inadequate, and rendered judgment accordingly. With the sole exception of the charge for the copper nails discussed above, we agree. Accordingly, it is ordered, adjudged and decreed that the judgment appealed from be amended to show an additional credit due the defendant in the sum of $779.62, and as thus amended, the judgment is affirmed. The cost of this appeal is to be borne equally by each party.
AMENDED AND AFFIRMED.